IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OWEN J. MAGUIRE | : | CIVIL ACTION |
| v. | : | |
| CAPMARK FINANCE, INC. | : | NO. 09-0692 |

## MEMORANDUM OPINION

**Savage, J.**                                                                           **December 6, 2010**

In this age discrimination case, the plaintiff Owen J. Maguire alleges that his former employer, Capmark Finance, Inc. ("Capmark"), discriminated against him on the basis of his age when he was fired from his position as vice president and commercial loan originator. After his complaint was filed, Berkadia Commercial Mortgage, LLC ("Berkadia") purchased Capmark's commercial mortgage assets in a bankruptcy sale. Maguire now seeks to amend his complaint pursuant to Fed. R. Civ. P. 15(a) in order to name Berkadia as a defendant under a theory of successor liability.

Capmark argues that Maguire's motion should be denied because a bankruptcy court order approving the sale of its assets to Berkadia specifically precludes claims for successor liability. We agree that Berkadia cannot be held liable for successor liability as a result of the bankruptcy court's order. Thus, Maguire's amendment would be futile.

## Background

According to his complaint, Maguire was hired by Capmark in 1998, and served as vice president and commercial loan originator. He was terminated from Capmark on June 23, 2008. On February 18, 2009, he filed a complaint against Capmark alleging that he was terminated because of his age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (ADEA), and the Pennsylvania Human Relations Act

43 P.S. § 951, *et seq.* ("PHRA").

On October 25, 2009, while this action was pending, Capmark filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware. In light of the automatic stay, this action was placed in suspense on November 2, 2009 (Document No. 13).

On November 24, 2009, United States Bankruptcy Judge Christopher Sontich issued an order approving the sale of Capmark's commercial mortgage servicing and mortgage banking assets ("MSB business") to Berkadia "free and clear" of all claims and liens. *Order,* ¶ 3. Judge Sontich further decreed that "under no circumstances" shall Berkadia be deemed a successor of Capmark. *Order,* ¶ 17. Specifically, the court declared that Berkadia "shall have no successor or vicarious liabilities of any kind with respect to the MSB Business"; and, that "all persons and entities shall be . . . enjoined from asserting any such claims." *Order,* ¶ 17.

After the automatic stay was lifted and on Maguire's motion, this action was reinstated on August 18, 2010. Maguire then filed his motion to amend the complaint so that he can pursue this action against Berkadia, Capmark's successor.

## Discussion

Keeping in mind that the purpose of Rule 15 is to have a case decided on the merits rather than on a technicality, leave to amend a pleading should be freely granted. *Shane v. Fauver,* 213 F.3d 113, 115-17 (3d Cir. 2000); *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 886-87 (3d Cir. 1992). Factors considered are undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party, and futility of the

amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1982).

Futility alone is a reason to deny a motion to amend a complaint. An amendment is futile if after the proposed amendment is made, the complaint would still fail to state a claim upon which relief could be granted. *In re Alpharma Sec. Litig.*, 372 F.3d 137, 153 (3d Cir. 2004) (quoting *In re Burlington Coat Factory*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

In this case, if Berkadia cannot be sued for Capmark's alleged discrimination, an amendment to permit joinder of Berkadia as a defendant would be futile. Consequently, we must determine whether Maguire can pursue his age discrimination claim against Berkadia.

The sale of Capmark's MSB business was pursuant to § 363(f) of the Bankruptcy Code, which permits the sale of property "free and clear of any interest in such property." 11 U.S.C. § 363(f). Although the Bankruptcy Code does not define "interest in such property," the Third Circuit has held that the term includes claims for discrimination in employment. *In re TWA,* 322 F.3d 283, 290 (3d Cir. 2003). Therefore, pursuant to § 363(f), a debtor's assets can be transferred free and clear of such claims. *Id.* at 285.

Maguire's claim for discrimination is an interest in property within the meaning of the Bankruptcy Code because it arises from the sale of business assets to Berkadia. *See, id.* at 90; *Faulkner v. Bethlehem Steel / Int'l Steel Group.,* No. 04-34, 2005 WL 1172748, at *3 (N.D. In. April 27, 2005) (plaintiff's race discrimination claim is an "interest in such property" for purposes of § 363(f) because it arose from the sale of the debtor's assets). The Bankruptcy Court's order approving the sale of the MSB business "free and clear" of successor liability precludes Maguire from asserting his discrimination claim against Berkadia, rendering his proposed amendment futile. Thus, we shall deny the motion to

amend the complaint.