IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OWEN J. MAGUIRE | : CIVIL ACTION |
| v. | : |
| CAPMARK FINANCE, INC. | : NO. 09-0692 |

## MEMORANDUM OPINION

**Savage, J.**                                                                          **July 18, 2011**

Seeking to vacate the order dismissing his case, plaintiff, Owen J. Maguire, claims that he was misled during settlement discussions by counsel for Capmark Finance, Inc. ("Capmark"). According to Maguire, during a final pretrial conference, Capmark's counsel misrepresented the value of the agreed upon settlement and how it would be treated in an ongoing bankruptcy action.

Capmark contends that it did not mislead Maguire about the value of the settlement. It claims that Maguire knew that it had filed for bankruptcy and was aware of the risk that the bankruptcy court would award him less than the amount he hoped to receive.

Because Maguire was aware of the risk that his settlement could be reduced by the bankruptcy court, he was not misled by Capmark's counsel prior to entering into the settlement agreement. Therefore, his motion to vacate will be denied.

## Background

On February 17, 2011, following the parties' agreement reached at the final pretrial conference, an order was entered dismissing the action pursuant to Rule 41.1(b) of the Local Rules of Civil Procedure (Document No. 38). At the time of the settlement, Capmark was a debtor in a bankruptcy action in the United States Bankruptcy Court for the District

of Delaware. Maguire was an unsecured creditor in the bankruptcy proceeding. When he agreed to the settlement amount of $200,000, he knew its value could be reduced pursuant to the bankruptcy court's disposition of the bankruptcy estate. His attorney represented that he intended to sell the debt for which there is a market.

Maguire argues that during the conference on February 16, 2011, he agreed to settle his claims based on Capmark's counsel's representations that the debt had a market value of "45 percent of face value." *Pl. Motion,* ¶ 2. Maguire claims that because the bankruptcy court subsequently designated his settlement as an unsecured debt due only "16 cents per dollar" and he had been misled by defense counsel, the order dismissing the case should be vacated. *Pl. Motion,* ¶ 8.

## Discussion

Settlement agreements are governed by contract law. *Tedesco Mfg. Co., Inc. v Honeywell Int'l Inc.,* 127 Fed. App'x 50, 52 (3d Cir. 2005) ("A settlement agreement is a contract, and familiar principles of contract law [apply]."). A settlement agreement will bind the parties "even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970). *See also Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 436 (3d Cir. 2005) ("[A] written agreement is not necessary to render a settlement enforceable."). The fact that the parties intend to formalize their agreement in writing but have not yet done so does not preclude enforcement of the agreement. *Mazzella v. Koken*, 739 A.2d 531, 536 (Pa. 1999).

Oral settlement agreements are enforceable, but only if the parties have agreed upon the essential terms of the bargain. *Krebs v. United Refining Co. of Pa.*, 893 A.2d 776, 783 (Pa. Super. Ct. 2006) (citations omitted). The "nature and extent of the mutual

obligations must be certain." *Id.* (citing *Peck v. Del. Cty. Bd. of Prison Inspectors*, 814 A.2d 185, 191 (Pa. 2002) (internal citations omitted). As with all contracts, in the formation of an enforceable settlement agreement, "the minds of the parties should meet upon all the terms, as well as the subject-matter." *Mazzella*, 739 A.2d at 536 (citation omitted).

Maguire does not dispute that he entered into a settlement agreement with Capmark. Rather, he contends that the settlement agreement should not be enforced because he reiled upon misrepresentations made by Capmark's counsel.

Contrary to Maguire's contention, he was not misled when his counsel, with his consent, voluntarily entered into the settlement agreement. During oral argument, Maguire's counsel admitted that he assumed the risk that the monetary value of his settlement could change based on market demand for unsecured debt owed by the defendant. *Transcript,* p. 4, 11. He also admitted that although there was discussion at the time of the conference that the market value of debt owed by Capmark could be sold for 45 cents on the dollar, there was no guarantee that it would remain at that level. *Transcript,* p. 4, 1-12. Indeed, during the conference, Maguire's counsel was specifically warned that the value of the settlement could decrease.

Although Maguire is undoubtedly disappointed that his recovery is less than what he had anticipated, Capmark had no control over how the bankruptcy court would treat his settlement. Maguire's counsel conceded during oral argument that there were no discussions or promises at the conference regarding how his settlement would be treated by the bankruptcy court. *Transcript,* p. 25, 1-16.

In agreeing to settle his case against Capmark, Maguire was repeatedly warned that because Capmark was in bankruptcy, the trade value of his settlement was subject to

fluctuating market conditions. Despite these warnings, Maguire entered into the agreement to settle his claim. Therefore, because Maguire was aware of the risk that the value of his recovery could change prior to entering into the settlement agreement and he was not misled by Capmark, his motion to vacate the order dismissing his case will be denied.